DICKSON v. GIRARD FIRE & MARINE INS. CO. OF PHILA-
DELPHIA *ET AL.*

(142 S. E., 348)

1. INSURANCE—BURDEN OF SHOWING FORFEITURE BY VIOLATION OF VACANCY CLAUSE HELD ON INSURER.—In action on fire policy for destruction of house, wherein defense was that policy was forfeited by dwelling being vacated for more than 30 days in violation of provision of policy, instruction that it was incumbent upon plaintiff to show by greater weight of evidence that policy was alive at time of fire *held* error, since burden of showing vacancy resulting in forfeiture was on defendant.

2. APPEAL AND ERROR—SUPREME COURT CANNOT PASS ON CREDIBILITY OF WITNESSES OR WEIGHT OF TESTIMONY, SUCH MATTERS BEING FOR JURY.—The Supreme Court cannot pass upon the credibility of witnesses or the weight of the testimony, such matters being for the jury under proper instructions from the trial Court.

Before MANN, J., Orangeburg, June, 1926. Reversed and remanded for new trial.

Action by Ernest C. Dickson against the Girard Fire & Marine Insurance Company of Philadelphia and another. Judgment for defendants, and plaintiff appeals.

*Messrs. Lide & Felder,* for appellant, cite: *Violation of condition in insurance policy renders it voidable, not void:* 134 S. C., 534; 54 S. C., 600; 57 S. C., 368. *There may*

*be waiver either before or after loss:* 57 S. C., 358; 97 S. C., 379. *Failure to return unearned premium within a reasonable time after knowledge of forfeiture makes question for jury as to waiver:* 102 S. C., 127; 104 S. C., 404; 107 S. C., 396; 124 S. C., 173. *Forfeitures not favored by Courts:* 102 S. C., 123. *Duty of proving forfeiture on defendant:* 29 S. C., 560; 124 S. C., 32; 88 S. C., 37.

*Messrs. James H. Fowles,* and *Brantley & Zeigler,* for respondent, cite: *Vacancy clause in policy held to be reasonable:* 26 C. J., 209; 101 S. E., 247; 8 A. L. R., 373; 99 S. E., 631; 51 S. C., 540. *"Dead":* Webster's New Int. Dict., 572.

March 27, 1928.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

On November 3, 1923, the defendant Girard Fire & Marine Insurance Co. issued to the plaintiff a fire insurance policy, covering a certain frame building owned by him in the city of Orangeburg, in the sum of $1,500. The value of the building was fixed in the policy at $2,000, and the policy was for a period of one year from the date of its issuance. The house was destroyed by fire some time during July, 1924; the company refused to pay the insurance; and this action was brought for recovery of same.

The company by its answer admitted the issuance of the policy sued upon, but denied that it owed the plaintiff anything on account of the loss of the property. As a further defense it alleged that, at the time of the fire, the building insured had been vacant and unoccupied, without its knowledge or consent, for more than 30 days, and that thereby the vacancy provisions of the policy were violated and a forfeiture was created. These provisions of the policy are as follows:

"Unless otherwise provided by agreement in writing, added hereto, this company shall not be liable for loss

* * * occurring * * * while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of ten days. * * *" .

"Vacancy Clause—Permission is hereby granted for the within described dwelling to become and remain vacant or unoccupied for a period not exceeding thirty (30) days (including the period of ten [10] days allowed in the printed conditions of policy) at any one time. It is understood that, if the vacancy exceeds thirty days at any one time, permission for same must be endorsed hereon."

The case was tried before Judge Mann and a jury June 9, 1926. On the trial, plaintiff proved the insurance contract, and offered testimony tending to show that the house was burned on July 29, 1924, and that the insurance had not been paid. The defendant introduced testimony tending to show that the house had become vacant and had remained so for more than 30 days before the fire occurred. The plaintiff's testimony in reply tended to show the contrary, and also to show waiver on the part of the company of the forfeiture of the policy by him, if there was any forfeiture. The jury found a verdict for the defendant. The plaintiff then made a motion for a new trial, which the Court refused. He now appeals to this Court.

Several grounds of error are assigned, but under our view of the case it will be necessary to consider only the fourth exception, which is as follows:

"That the Circuit Judge erred in charging the jury: 'Now it is incumbent upon the plaintiff to prove his case, that is, that the policy was alive at the time of the fire, by the greater weight or the preponderance of the evidence.' The error being that the burden is upon the defendant to prove facts sufficient to make out a forfeiture. The plaintiff proves his policy contract, and then the burden shifts to the defendant to make out the forfeiture."

This exception must be sustained. The trial Judge charged the jury as follows:

"Now there is no evidence of any notice for an extended time beyond the 30 days to be vacant under the terms of this policy. So that is the question for you to determine: Was this property, this dwelling, insured under the terms of this policy, vacant during the life of the policy; that is, between the 3d day of November, 1923, and the 3d day of November, 1924? And, if so, was it vacant for more than 30 days? If so, then the policy was dead, and the entire insurance so far as this policy is concerned on the property mentioned therein. * * *

"Now it is incumbent upon the plaintiff to prove his case, that is, that the policy was alive at the time of the fire, by the greater weight or the preponderance of the evidence."

"The burden of showing a vacancy in breach of the condition is on the insurer." Cooley on Insurance, Vol. 2, 1685. In the case at bar, the Court charged the jury that if it was shown that the house was vacant for more than 30 days prior to the time of the fire, this would render the policy "dead." He then charged that it was incumbent upon the appellant to show by the greater weight of the evidence that the policy was "alive" at the time of the fire. This was error. He should have charged that the respondent was required to establish, by the greater weight of the evidence, its pleaded defense, that the policy, under its provisions, had been forfeited by reason of the fact that the building had been vacant for more than 30 days before the fire.

In *Scott v. Insurance Co.*, 102 S. C., 115; 86 S. E., 484, the Court said:

"It is well settled that forfeitures are not favored by the Courts. It is also settled that a contract of insurance, so far as a forfeiture clause is concerned, must be taken most strongly against the insurer. It is also settled that he who pleads must prove."

The respondent contends that this exception should be overruled for two reasons: (1) Because the Judge by his charge did place the burden on the respondent to establish

its affirmative defense, and (2) because the evidence was overwhelming that the insured's building had become vacant more than 30 days before the fire occurred. In support of its first contention, the respondent directs attention to the following charge of the Court:

"If the truth on the part of the plaintiff makes the scales go down and that has not been negatived, then that is the preponderance of the evidence; if they go down on the part of the defendant, either (1) on account of the failure on the part of the plaintiff to make out his case by the greater weight of the preponderance of the evidence, or (2) on account of the defendant's having established his defense as I have just explained to you, then your verdict would be with the defendant * * *" (figures added).

It will be noted that the trial Judge, in this charge, stated two contingencies, (1) and (2), upon the arising of either of which it would be the duty of the jury to find for the defendant. The language of the second contingency is that upon which the defendant's contention is mainly based; but this language, when taken alone or with other parts of the charge, did not convey to the jury the instruction that the defendant must prove its defense by the greater weight of the evidence; further, it is clear that the language of the first contingency, following closely after the charge complained of by the plaintiff, could mean nothing else to the minds of the jury except that they should find for the defendant if the plaintiff failed to prove by the greater weight of the evidence that the policy was "alive" at the time of the fire.

As to the second contention: Under the testimony, whether the house was vacant more than 30 days before the fire occurred was an issue of fact for the jury. This Court cannot pass upon the credibility of witnesses or the weight of the testimony; these are matters for the jury, under proper instructions from the trial Court. *Burbage v. Insurance Co.,* 138 S. C., 208; 136 S. E., 230.

The judgment of the Circuit Court is reversed and the case remanded for a new trial.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.